**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:21-cr-140 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| DUSTIN JAMES HOCKENBERGER, | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE
REDUCTION UNDER 18 USC § 3582(c)(1)(A) (COMPASSIONATE RELEASE)
(DOC. NO. 46)**

---

This case is before the Court on the Motion for Sentence Reduction under 18 USC § 3582(c)(1)(A) (Compassionate Release) (Doc. No. 46) (the "Motion"), filed by Defendant Dustin James Hockenberger ("Hockenberger"). Hockenberger is currently incarcerated at FCI Elkton in Ohio. He asks the Court for a compassionate release from his term of imprisonment. More specifically, he asks that this Court grant him a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as amended by § 603 of the First Step Act (FSA) of 2018 (P.L. 115-391). (*Id.*) Additionally, Hockenberger concludes his Motion by requesting that the Court appoint him an attorney (*Id.* at PageID 246.) For the reasons set forth below, the Court **DENIES** Hockenberger's Motion.

### I.   BACKGROUND

On October 27, 2021, the Government filed an Information charging Hockenberger with one count relating to the possession of child pornography. (Doc. No. 15.) On November 29, 2021, pursuant to a plea agreement, Hockenberger pleaded guilty to possession of child pornography

involving a prepubescent minor in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). (Doc. Nos. 19 and 22.) The Statement of Facts attached to the Plea Agreement, signed by Hockenberger and his attorney, states:

> On or about July 16, 2021, in the Southern District of Ohio, Defendant Dustin James Hockenberger knowingly possessed a matter containing visual depictions that had been shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce; the producing of such visual depictions involved the use of minors engaging in sexually explicit conduct; and such visual depictions were of such conduct, including at least one visual depiction involving a pre-pubescent minor.

> On or about that date, law enforcement executed a search warrant at Hockenberger's home in Springfield, Ohio. In his bedroom, law enforcement located two cellular telephones (a Samsung Galaxy S10 Plus and a Samsung Galaxy J7) and an HP laptop. All three devices contained child pornography:

> - more than 6,000 images and 400 videos of child pornography were recovered from the Samsung Galaxy S 10 Plus;
> - at least one image and 35 videos of child pornography were found on the Samsung Galaxy J7; and
> - more than 7,700 images and 130 videos of child pornography were recovered from the HP laptop.

> By way of example, the Samsung Galaxy S10 Plus contained a video file bearing the file name AVSEQ01_seg3.avi. This video, which was saved onto the phone from the Internet and viewed on or about July 4, 2021, depicts an adult white male engaging in anal sexual intercourse with a pre-pubescent Asian boy whose arms are bound to his legs with handcuffs.

> Hockenberger knowingly owned and/or used the Samsung cellphones and HP laptop, and he knowingly possessed the child pornography found on these three devices for purposes of sexual gratification. In addition, he knowingly received some, if not all, of the child pornography on these three devices through the Internet, including the file AVSEQ01_seg3.avi.

> The Samsung Galaxy S10 Plus, Samsung Galaxy J7, and HP laptop were manufactured outside the state of Ohio and therefore traveled in interstate commerce. The Internet is a means and facility of interstate commerce.

> In addition to storing child pornography on the devices from his bedroom, Hockenberger used various Google accounts to knowingly possess and receive child pornography, specifically:

- roccohyde@gmail.com,
- trickyrittzcracker@gmail.com,
- saccharineviolinofdjinn@gmail.com,
- saccharinvioUnofdjinn@gmail.com, and
- indigodivinefire@gmail.com.

Accessing these Google accounts required use of the Internet.

(Doc. No. 22 at PageID 90.)

Prior to sentencing, the Probation Office prepared a Presentence Report ("PSR") for Hockenberger, including two supplemental addendums. (Doc. Nos. 29, 31, 34.) The PSR noted Hockenberger's lack of criminal history. (Doc. No. 29 at PageID 147-148.) The PSR also discussed Hockenberger's medical conditions, including high blood pressure, diabetes, chronic back pain, depression, post-traumatic stress disorder, attention deficit hyperactive disorder, and severe social anxiety. (*Id.* at PageID 149-150.)

At sentencing in this case, the Court imposed a 54-month term of incarceration, five years of supervised release with special conditions, a $100 special assessment, $72,000 in restitution, and the forfeiture of property. (Doc. No. 39.) Hockenberger is currently 38 years old and has an anticipated release date of December 22, 2026. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited September 11, 2023).)

Hockenberger filed the present Motion on June 15, 2023. (Doc. No. 46.) The Government filed its response on June 26, 2023 (Doc. No. 47) and Hockenberger did not file a reply. The matter is currently ripe for review and decision.

## II. ANALYSIS

### A. Legal Standards

Section 3582(c)(1)(A), colloquially known as the "compassionate release" statute, grants authority, in certain limited circumstances, to modify a term of imprisonment after it has been imposed. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[1]

Therefore, a court may reduce a defendant's previously imposed term of imprisonment if it finds that three requirements are met: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the § 3553(a) factors, to the extent that they are applicable, support the reduction.  18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021).  On the other hand, a court may deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others.[2]  *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).  Moreover, while a court may reduce the term of imprisonment if all three requirements are met, it "need not do so."  *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory").

---

[1] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *United States v. Ruffin, 978 F.3d 1000, 1003 (6th Cir. 2020)*.

[2] However, courts currently omit the second requirement when an incarcerated person, as opposed to the Bureau of Prisons ("BOP"), files a motion seeking a sentence reduction.  *Lemons*, 15 F.4th at 749.  The Sixth Circuit has explained that, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry"—at least until the Sentencing Commission updates § 1B1.13 of the United States Sentencing Commission Guidelines Manual to reflect the First Step Act. *United States v. Jones*, 980 F.3d 1098, 1009-1111 (6th Cir. 2020) (explaining that passage of the First Step Act rendered § 1B1.13 inapplicable to cases where an imprisoned person files a motion for compassionate release).

Regarding the third requirement, "§ 3582(c)(1)(A) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (internal quotation marks omitted and alterations adopted); *see also United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) ("[d]istrict courts may place great weight on one sentencing factor when that weight is warranted") (internal quotation marks omitted). The factors set forth in Section 3553(a) consider such things as the nature of the offense, the circumstances of the offense, the history of the defendant, the characteristics of the defendant, "and various penological goals, such as the need to promote respect for law and to protect the public," as well as to reflect the seriousness of the offense, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see also* 18 U.S.C. § 3553(a).

### B. <u>Application</u>

Hockenberger asks the Court to grant him a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 46.) In particular, Hockenberger states that he is more susceptible to contracting a deadly case of the Covid-19 virus. (*Id.* at PageID 244.) Hockenberger further submits that he will make arrangements upon his release to ensure that he is no longer a danger to society. (*Id.* at PageID 245.)

In response, the Government emphasizes two points. First, the Government argues that Hockenberger refuses the Covid-19 vaccine and baselessly refutes its efficacy, and therefore, cannot claim extraordinary and compelling circumstances for fear of the virus. (Doc. No. 47 at PageID 253.) Second, the Government argues that granting Hockenberger a compassionate release

so soon into his imposed sentence would be incompatible with the sentencing factors under 18 U.S.C. § 3553(a). (*Id.*) Hockenberger did not file a reply.

As the Parties agree that the Court has jurisdiction to consider Hockenberger's request, the Court focuses its attention on whether Hockenberger can satisfy the Section 3582 requirements for compassionate release. Regarding the first requirement, for purposes of the Court's analysis, the Court will <u>assume</u>—without deciding—that Hockenberger has demonstrated an extraordinary and compelling reason for reducing the term of imprisonment.[3] Regarding the second requirement, given that Hockenberger (an incarcerated person) filed the Motion, the Court "may skip"—and does skip—this step, in accordance with the Sixth Circuit's *Jones* decision. *Jones*, 980 F.3d at 1111.

Regarding the third requirement, the Court has considered the Parties' arguments and the Section 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i). This includes that the Court considered Hockenberger's history and characteristics. *See* 18 U.S.C. § 3553(a)(1).

Nevertheless, the "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C. § 3553(a)(1); *see also Wright*, 991 F.3d at 719 ("district courts have wide latitude to deny compassionate release based on the seriousness of the underlying offense," such that "[s]o long as the district court considers the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, it is not an abuse of discretion to deny compassionate release based on the seriousness of the offense") (internal quotation marks omitted).

---

[3] The Court emphasizes it has <u>not</u> actually found that any circumstance (separately or combined) alleged by Hockenberger qualifies as an "extraordinary and compelling reason[] [that] warrant[s] a reduction" of his sentence. 18 U.S.C § 3582(c)(1)(A)(i). As shown herein, the Court need not actually conduct that analysis to decide the Motion. *See, e.g., Jones*, 980 F.3d at 1108 (affirming district court's decision, which had "assumed for the sake of argument that extraordinary and compelling reasons existed" to reduce the defendant's term of imprisonment, proceeded to weigh several § 3553(a) factors, and then denied the motion for compassionate release).

6

The offense for which Hockenberger is currently incarcerated involved possession of copious amounts of child pornography. Numerous courts – including this Court – have been disinclined to grant compassionate release to petitioners convicted of crimes involving child pornography due to the potential danger they pose. *Coleman v. United States*, 465 F. Supp. 3d 543, 549 (E.D. Va. 2020); *United States v. Leafsedt*, 3:15-CR-47, 2020 U.S. Dist. LEXIS 147703, *8-9, 2020 WL 4760136 (D. Alaska August 17, 2020); *United States v. Louk*, 1:19-CR-111, 2021 U.S. Dist. LEXIS 1901, at *4, 2021 WL 50858 (N.D. Ohio January 6, 2021); *United States v. Ford*, 3:19-CR-178, 2021 U.S. Dist. LEXIS 191628, *18, 2021 WL 4552398 (S.D. Ohio Oct. 5, 2021). Indeed, the victim impact statements in this case demonstrate the ongoing trauma that the victims experience when these videos and images are viewed. (*See* Doc. No. 31 at PageID 186-188.)

Additionally, Hockenberger has served less than half of his sentence and still has a substantial amount of his sentence remaining. *See* 18 U.S.C. § 3553(a)(2)(A), (a)(2)(B), (a)(6); *Ruffin*, 978 F.3d at 1008 (considering the amount of the sentence that the petitioner had served); *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate"). Releasing Hockenberger when he has served such an insubstantial portion of his sentence "would not reflect the seriousness of his conduct." *United States v. Lamber*, 2021 U.S. App. LEXIS 9458, at *4-5, 2021 WL 2104503 (6th Cir. 2021) (affirming the district court's denial of compassionate release for an inmate who plead guilty to child-pornography offenses where he had served less than twenty-five percent of his sentence). Hockenberger reported to FCI Elkton to begin his sentence on April 10, 2023, and he began seeking release within the month. (Doc. No. 46-2 at PageID 252.) The Court is concerned that releasing Hockenberger

under such circumstances would fundamentally contradict the purposes of sentencing. *United States v. Bonsu*, 2:18-CR-58-1, 2021 U.S. Dist. LEXIS 136433, *13, 2021 WL 3098083 (S.D. Ohio Jul. 22, 2021) (finding that granting compassionate release where defendant sought release only one month into his term of imprisonment would greatly undermine the statutory purposes of sentencing). The Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant do not favor early release. *See* 18 U.S.C. § 3553(a)(2)(A)-(C).

Having considered the Parties' arguments and the factors set forth in Section 3553(a) to the extent that they are applicable, the Court finds that reduction in the term of imprisonment is not warranted. Therefore, even if the first two requirements are met, the Court finds that consideration of the applicable Section 3553(a) factors does not support granting a reduction. *Ruffin*, 978 F.3d at 1008 (the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief"); *United States v. Harvey*, 996 F.3d 310, 312-15 (6th Cir. 2021); *Wright*, 991 F.3d at 720.

### III. <u>CONCLUSION</u>

For the reasons stated above, the Court **DENIES** the Motion for Sentence Reduction under 18 USC § 3582(c)(1)(A) (Compassionate Release) (Doc. No. 46) and finds Hockenberger's request for appointment of counsel to be moot.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, September 13, 2023.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE